

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING           HONG KONG       SHANGHAI<br>BOSTON          HOUSTON           SINGAPORE<br>BRUSSELS      LONDON               SYDNEY<br>CHICAGO       LOS ANGELES   TOKYO<br>DALLAS           NEW YORK         WASHINGTON, D.C.<br>FRANKFURT  PALO ALTO<br>GENEVA          SAN FRANCISCO |
| tscarborough@sidley.com<br>(312) 853-2236 | FOUNDED 1866 |

March 24, 2014

*Via ECF*

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court for the Eastern
 District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

      Re:    *Dash v. Seagate Technology (US) Holdings, Inc.*, No. 2:13-cv-06329-LDW-AKT
             Proposed class certification and expert discovery schedule

Dear Judge Tomlinson:

      On behalf of defendant Seagate Technology (US) Holdings, Inc. ("Seagate"), and pursuant to Paragraph 7 of the March 12, 2014 Civil Conference Minute Order (ECF Doc. 18) ("March 12 Order"), we hereby submit below a proposed schedule for class certification briefing and expert discovery.

      The parties met and conferred in good faith in an effort to reach agreement on a joint proposed schedule. They are submitting separate schedules not because they disagree about the schedule, but because of differing interpretations of the Court's prior scheduling orders (ECF Doc. 18 and 19).

      Seagate proposes that briefing on class certification begin after three months of fact discovery, with the parties devoting extra attention to discovery needed to brief class certification. Plaintiff's counsel does not object to such a schedule, but is concerned that the Court may consider such a schedule inconsistent with the Court's prior ruling with respect to bifurcation of discovery. If the Court does not find Seagate's proposal to be inconsistent with its prior ruling on bifurcation, Plaintiff's counsel would support Seagate's proposal.

      Seagate's proposed schedule complies with the requirement that class certification must be determined "at an early practicable time after a person sues . . . as a class representative." Federal Rule of Civil Procedure 23(c)(1)(A). Moreover, Seagate's schedule avoids overloading class certification, expert discovery, and summary judgment briefing in the last few months of the schedule. In addition, this schedule provides for efficient use of judicial and litigant

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.



March 24, 2014

Page 2

resources by allowing the Court to address the class certification issue at an early stage, consistent with Rule 23(c)(1)(A). *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215 (2d Cir. 2004) (noting that "[c]lass certification is to be decided 'at an early practicable time' after the commencement of a suit" and remanding with instructions to rule on class certification) (quoting Rule 23; other internal citations omitted).

To be clear, Seagate's proposal does not attempt to modify in any way the deadlines the Court previously set. Nor does Seagate's proposed schedule attempt to alter in any way the Court's previous ruling regarding bifurcated discovery. Seagate is not proposing a bifurcated discovery schedule (*i.e.*, one in which merits discovery is stayed while the Court considers a motion to certify a class). Instead, Seagate proposes merely that the parties prioritize the discovery relevant to class certification that will be necessary to allow class certification briefing at an early practicable time, as required by Federal Rule of Civil Procedure 23(c)(1)(A). Merits discovery would **not** be stayed under Seagate's proposal, but would continue on a parallel track, unabated, to be completed by November 4 with expert discovery completed by December 5, as ordered by the Court – *whether or not the Court rules on class certification*.

Accordingly, Seagate proposes the following schedule for class certification briefing:

| | |
|---|---|
| Deadline for plaintiff to file motion for class certification and evidence in support of same, including any expert reports in support of class certification[1] | July 22, 2014 |
| Deadline for defendant to file response to motion for class certification and evidence in support of same, including any expert reports in opposition to class certification, | September 9, 2014 |
| Deadline for plaintiff to file reply in support of motion for class certification | September 23, 2014 |

---

[1] Seagate proposes that experts disclosed in support of or in opposition to class certification shall be made available for deposition sufficiently in advance of the deadline for the other party to file its response or reply brief in connection with class certification.



March 24, 2014

Page 3

And Seagate proposes the following schedule for all remaining expert discovery:

| | |
|---|---|
| Deadline for plaintiff to serve expert reports regarding the merits of plaintiff's claims | September 2, 2014 |
| Deadline for plaintiff to produce merits expert witnesses for deposition | September 16, 2014 |
| Deadline for defendant to serve expert reports regarding the merits of plaintiff's claims | October 16, 2014 |
| Deadline for defendant to produce merits expert witnesses for deposition | October 30, 2014 |
| Deadline to serve rebuttal expert reports, if any | November 26, 2014 |
| Deadline to produce rebuttal expert witnesses for depositions, if any | December 5, 2014 |

Seagate further proposes that the dates set forth in the Court's March 12 and 14 orders remain unchanged. Plaintiff proposes moving the fact discovery deadline that the Court previously set, which was November 4, to the earlier date of September 23 (ECF Doc. 23). Seagate sees no reason to adjust the schedule the Court previously set.[2]

---

[2] Plaintiff's proposed schedule also sets forth deadlines for interrogatories and requests for production of documents that are different from the dates set in the Court's March 14, 2014 Case Management Order. There is no reason to depart from these dates, either.

**SIDLEY AUSTIN LLP**
**SIDLEY**

March 24, 2014

Page 4

          Respectfully submitted,

          *s/ T. Robert Scarborough*

          T. Robert Scarborough

          *Admitted pro hac vice*