UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MATT DASH, Individually and on Behalf of
All Others Similarly Situated,

                              Plaintiff,

              -against-

SEAGATE TECHNOLOGY (US) HOLDINGS,
INC.,

                              Defendant.

----------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 30 2014   ★

**LONG ISLAND OFFICE**

MEMORANDUM AND ORDER

CV 13-6329

(Wexler, J.)

APPEARANCES:

        LAW OFFICE OF PAUL C. WHALEN, P.C.
        BY:   PAUL C. WHALEN, ESQ.
        Attorney for Plaintiff
        768 Plandome Road
        Manhasset, New York 11030

        SIDLEY AUSTIN LLP
        BY:   EAMON P. JOYCE, ESQ.
              T. ROBERT SCARBOROUGH, ESQ.
              SEAN A. SIEKKINEN
        Attorneys for Defendant
        787 Seventh Avenue
        New York, New York 10019


WEXLER, District Judge:

        Before the Court is Defendant's motion to dismiss Plaintiff's putative consumer class

action, pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons,

Defendant's motion is granted in part and denied in part.

BACKGROUND

Plaintiff, Matt Dash, is an amateur photographer who takes very high definition photographs, resulting in large computer files. (Compl. ¶ 10.) LaCie S.A. ("LaCie") is a manufacturer of computer hard drives and other devices used to transfer and store electronic data. (Compl. ¶ 20.) La Cie is a wholly owned subsidiary of Defendant Seagate Technology (US) Holdings, Inc. ("Seagate"). (Compl. ¶ 21.) This cases arises under the Court's diversity jurisdiction, 28 U.S.C. § 1332.

On August 2, 2013, Plaintiff purchased a LaCie "Rugged Thunderbolt Series" 1 TB Orange External Hard Drive with a Thunderbolt Interface (the "LaCie Rugged Thunderbolt Drive" or the "Drive"). (Compl. ¶ 8.) Plaintiff paid approximately $200 for the LaCie Rugged Thunderbolt Drive, intending to use it to store large files for his laptop computer, including movie and music files, which can be several gigabytes in size. (Compl. ¶¶ 9, 11.) Speed in the transfer of data was the crucial feature in Plaintiff's decision to purchase the LaCie Rugged Thunderbolt Drive. (Compl. ¶ 12.) In purchasing the Drive, Plaintiff believed that as a result of the Thunderbolt interface, he was purchasing the fastest possible external hard drive. (Compl. ¶ 13.)

Despite all of the technological jargon in Plaintiff's Complaint, the crux of this action is that Plaintiff, on behalf of himself and a putative class of consumers who also purchased the LaCie Rugged Thunderbolt Drive, alleges that the Drive did not transfer data at the rate claimed by Defendant and that Defendant engaged in deceptive conduct in the marketing, advertising and sale of the Drive in order to induce consumers to purchase its product. (Compl. ¶¶ 68-82.) Plaintiff's Complaint asserts the following claims: (1) breach of the implied warranty of

merchantability and fitness for a particular purpose; (2) Violation of Sections 349 and 350 of the New York General Business Law; and (3) common law fraud.

## DISCUSSION

I.   <u>Legal Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. <u>See Iqbal</u>, 129 S. Ct. at 1949; <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." <u>Iqbal</u>, 129 S. Ct. at 1949-50 (citation omitted); <u>see also</u> <u>Twombly</u>, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. <u>Iqbal</u>, 129 S. Ct. at 1950. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 555 U.S. at 557).

II.    Breach of the Implied Warranty of Merchantability

Although Plaintiff's Complaint contains a cause of action for breach of the implied warranty of merchantability and fitness for a particular purpose, (compl. ¶¶ 94-98), Plaintiff states in his memorandum of law in opposition to Defendant's motion that he is abandoning this claim. (Pl. Mem. of Law in Opp'n 1.)  Accordingly, Defendant's motion is granted with respect to the claim for breach of implied warranty and the claim is dismissed.


II.    New York's General Business Law Sections 349 and 350

Sections 349 and 350 of the New York General Business Law prohibit "[d]eceptive acts or practices" and "false advertising" "in the conduct of any business."  N.Y. Gen. Bus. Law §§ 349(a), 350.  To state a claim under either section, Plaintiff must adequately allege three elements: (1) "the challenged act or practice was consumer-oriented"; (2) the act or practice "was misleading in a material way"; and (3) "the plaintiff suffered injury as result of the deceptive act."[1]  Stutman v. Chemical Bank, 95 N.Y.2d 24, 29 (2000).  Claims under Sections 349 and 350 "are not subject to the pleading-with-particularity requirements of Fed. R. Civ. P. 9(b)." Ackerman v. The Coca-Cola Co., No. CV-09-0395, 2010 U.S. Dist. LEXIS 73156, at *87 (E.D.N.Y. July 21, 2010) (citing cases).

The first element is not in dispute here.  Rather, Defendant bases its motion on the grounds that Plaintiff has failed to adequately plead that the statements contained on the Drive's

---

[1]  "[Section] 350 [also] requires - unlike § 349 - that the plaintiff must demonstrate reliance on the allegedly false advertising." Nationwide CATV Auditing Servs., Inc. v. Cablevision Sys. Corp., No. 12-CV-3648, 2013 WL 1911434, at *8 n.7 (E.D.N.Y. May 7, 2013) (quoting Leider v. Ralfe, 387 F. Supp. 2d 283, 292 (S.D.N.Y. 2005)) (additional citation omitted) (alterations in original).

packaging were materially misleading.  Defendant further asserts that Plaintiff's Complaint fails to establish causation or injury.

    A.    <u>Materially Misleading or Deceptive Practices</u>

"The New York Court of Appeals has established an objective standard for determining whether acts or practices are materially deceptive or misleading 'to a reasonable consumer acting reasonably under the circumstances.'" <u>Goldemberg v. Johnson & Johnson Consumer Co., Inc.</u>, No. 13-cv-3073, 2014 U.S. Dist. LEXIS 47180, at *23 (S.D.N.Y. Mar. 27, 2014) (quoting <u>Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.</u>, 85 N.Y.2d 20, 26 (1995)).  Although a court may make this determination as a matter of law, <u>see Fink v. Time Warner Cable</u>, 714 F.3d 739, 740 (2d Cir. 2013) (<u>per curiam</u>), such a determination is typically a question of fact.  <u>See Goldemberg</u>, 2014 U.S. Dist. LEXIS 47180, at *23 (citing cases).

Here, Plaintiff's Complaint alleges that the LaCie Rugged Thunderbolt Drive's packaging contained a bar chart comparison suggesting that the Drive would transfer data at ten times the speed of a FireWire 800 external hard drive and at twenty times the speed of a USB 2.0 external hard drive.  (Compl. ¶¶70-71.)  Plaintiff further alleges that on the back of the Drive's box is a graphic of a round dial speedometer "pegged at '10 Gb/s' with the heading 'Shocking Speeds Up To 10 Gb/s.'" (Compl. ¶ 72.)  Finally, Plaintiff alleges that on the side of the Drive's box is a column titled "Specifications," which appears to claim that the LaCie Rugged Thunderbolt Drive is at least twice as fast in transferring data as a USB 3.0 drive.  (Compl. ¶¶ 74-75.)  Plaintiff claims that these statements are false and misleading because the Drive does not transfer data at the rates claimed on the packaging.

Defendant asserts that Plaintiff's Complaint fails to state a claim under Sections 349 and 350 of the New York General Business Law because it was widely known at the time of Plaintiff's purchase that the Drive's average data transfer rate was less than the maximum speed advertised on the Drive's packaging and in fact, such information was disclosed on Defendant's website. While "under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception," Fink, 714 F.3d at 742 (citing cases), the Court cannot conclude as a matter of law, based on the allegations pleaded in the Complaint, that the statements contained on the LaCie Rugged Thunderbolt Drive's packaging are not misleading to a reasonable consumer.[2]

B.   Causation and Injury

"To properly allege causation, a plaintiff must state in his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased." Goldemberg, 2014 U.S. Dist. LEXIS 47180, at *28 (citing Gale v. Int'l Bus. Machs. Corp., 781 N.Y.S.2d 45 (2d Dep't 2004)). Here, Plaintiff describes in detail the allegedly misleading and deceptive statements contained on the Drive's packaging upon which he relied in purchasing the product. The reasonable inference to be drawn from such allegations is that Plaintiff saw the misleading statements and, as a result of such, purchased the Drive at issue. Accordingly, causation is sufficiently pled.

---

[2] The Court notes, however, that the representations upon which Plaintiff bases his Complaint state that the LaCie Rugged Thunderbolt Drive can transfer data at speeds "up to" ten gigabytes per second. As the Second Circuit recently pointed out, "the phrase 'up to' would lead a reasonable consumer to expect that speeds could be less than . . . advertised." Fink, 714 F.3d at 742 n.3. While this may cast some doubt on the ultimate success of Plaintiff's claims, the Court finds that this is an issue better decided on a motion for summary judgment.

With respect to injury, it is well-settled that a consumer is not entitled to a refund of the price of a good or service whose purchase was allegedly procured through deception under Sections 349 and 350 of the New York General Business Law.  See Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 56 (1999) (rejecting the theory that "consumers who buy a product that they would not have, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349").  The rationale for this is that "deceived consumers may nevertheless receive - and retain the benefits of - something of value, even if it is not precisely what they believed they were buying." Servedio v. State Farm Ins. Co., 889 F. Supp. 2d 450, 452 (E.D.N.Y. 2012) (citing cases).

However, "[i]njury is adequately alleged under GBL §§ 349 or 350 by a claim that a plaintiff paid a premium for a product based on defendants' inaccurate representations." Ackerman, 2010 U.S. Dist. LEXIS 73156, at *89; see also Servedio, 889 F. Supp. 2d at 453 ("[A] plaintiff who alleges that a deceptive practice caused him to pay more than the good or service he actually received was worth may be able to satisfy the injury requirement.").  That is precisely what Plaintiff herein alleges in his Complaint.  Accordingly, injury is sufficiently pled here as well.

For the foregoing reasons, the Court finds that Plaintiff's Complaint adequately states a claim under Sections 349 and 350 of the New York General Business Law.  Accordingly, Defendant's motion to dismiss is denied with respect to that claim.

III.    Common Law Fraud

Plaintiff's final cause of action alleges common law fraud.  To state a claim for common

-7-

law fraud under New York law, a plaintiff must allege facts showing: "(1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury." Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir. 2009) (citations omitted).

In addition, pursuant to Federal Rule of Civil Procedure 9(b), fraud claims must be pled with particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") As the Second Circuit has repeatedly held, Rule 9(b) "requires the plaintiff to '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 197 (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)) (additional citations omitted). The plaintiff must also "allege facts that give rise to a strong inference of fraudulent intent." Nakahata, 723 F.3d at 198 (quoting First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 179 (2d Cir. 2004)). "Conclusory statements and allegations are not enough to meet the Rule 9(b) pleading requirements." Beth Israel Med. Ctr. v. Verizon Bus. Network Servs., No. 11 Civ. 4509, 2013 WL 1385210, at *4 (S.D.N.Y. Mar. 18, 2013) (quoting Musalli Factory for Gold & Jewelry Co. v. JP Morgan Chase Bank, N.A., 382 F. App'x 107, 108 (2d Cir. 2010)).

Plaintiff's fraud claim fails to allege facts that give rise to a strong inference of fraudulent intent. When alleging fraud, a plaintiff must "specifically plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a

-8-

reckless disregard for the truth." <u>Beth Israel</u>, 2013 WL 1385210, at *4 (quoting <u>Connecticut</u> <u>Nat'l Bank v. Fluor Corp.</u>, 808 F.2d 957, 962 (2d Cir. 1987)).  Here, Plaintiff conclusorily alleges that "Defendant intentionally concealed and failed to disclose the true facts about the Thunderbolt Products for the purpose of inducing Plaintiff and the Class to purchase the Thunderbolt Products." (Compl. ¶ 111.)  This is not enough to adequately plead fraudulent intent.  Accordingly, Defendant's motion to dismiss is granted with respect to Plaintiff's fraud claim and the claim is dismissed.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part.  Plaintiff is hereby granted leave to amend his Complaint to replead the fraud claim within thirty (30) days of the date of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
       June **30** , 2014

s/ Leonard D. Wexler

LEONARD D. WEXLER
United States District Judge