

| | | | |
|---|---|---|---|
| SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>(212) 839 5300<br>(212) 839 5599 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>NEW YORK<br>PALO ALTO | SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| ejoyce@sidley.com<br>(212) 835-8555 | FOUNDED 1866 | | |

July 15, 2014

*Via ECF*

The Honorable A. Kathleen Tomlinson
United States District Court for the Eastern
District of New York
100 Federal Plaza, P.O. Box 9014
Central Islip, NY 11722-9014

      Re:    *Dash v. Seagate Technology (US) Holdings, Inc.*, No. 2:13-cv-06329-LDW-AKT
             <u>Motion to Compel</u>

Dear Judge Tomlinson:

      Defendant Seagate Technology (US) Holdings, Inc. ("Seagate" or "Defendant") hereby requests an order compelling Plaintiff to produce information responsive to Seagate's Request for Production No. 24 pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiff repeatedly has refused to provide information responsive to this request, which has prevented Seagate from taking Plaintiff's scheduled deposition.

      Seagate's Request for Production No. 24, served pursuant to Fed. R. Civ. P. 34, requested that Plaintiff "produce for examination, inspection, forensic imaging, and photographing the Rugged Thunderbolt drive purchased by you on August 2, 2013 and all computers or other devices to which you have connected the drive, or intend to connect the drive." (Ex. A at 24.) Plaintiff objected that the request is "unduly burdensome, overbroad and not reasonably calculated to reveal admissible evidence to this litigation, or designed to help define and clarify the issues at bar; as seeking information in Defendants' possession, custody or control; as seeking information protected from discovery by the attorney-client privilege, attorney work product protection and privilege or any other applicable privilege, including HIPAA Privacy Rules; and as unduly and unnecessarily burdensome to the extent that seeking information that is a matter of public record." (Ex. B at 12.)

      Plaintiff's counsel and Seagate's counsel discussed this issue in detail by telephone on Tuesday, July 8, and Plaintiff's counsel reiterated his refusal to allow Defendant to examine Plaintiff's equipment detailed in Request for Production No. 24, stating that he did not believe that the examination would lead to the discovery of relevant information. In an attempt to resolve this issue without involving the court, Seagate offered an initial accommodation, without prejudice to seeking a full response to the written request, in an e-mail from Ms. Chiarello to Plaintiff's counsel on July 8, 2014. (Ex. C.) It stated that Seagate would be willing to proceed with Mr. Dash's deposition if Plaintiff provides "brand, make, model, serial number, and

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



July 15, 2014
Page 2

purchase date of each computer or device to which Mr. Dash connects or intends or intended to connect his Rugged Thunderbolt drive," as well as "photographs clearly showing (with sufficient resolution) all ports, connectors, plugs, switches, bays, slots, and buttons on each such computer (i.e., full 360 degree, front and back, top and bottom, side-to-side shots), as well as photos of his Rugged Thunderbolt drive." (*Id.* at 1 ¶ 4.) In subsequent correspondence, Seagate re-emphasized that it would proceed with the deposition upon receipt of such photos. (Ex. D.) Plaintiff's counsel responded by email on July 14, writing that, "your 'narrowing' the scope of your request hasn't shown why you believe such information is relevant, or reasonably could lead to other evidence that could bear on any issue that is or may be in the case." (Ex. E at 2.) He further stated that the specifications of the hard drive in question are within Seagate's custody and control. (*See id.*) In a further attempt to resolve this issue without involving the court, Ms. Chiarello telephoned Plaintiff's counsel on July 15, 2014 and sent a follow-up email reiterating the relevance of the requested materials. (*Id.* at 1). Rather than returning Ms. Chiarello's call, Plaintiff's counsel emailed stating that he will stand on his objections. (Ex. F.)

The information Seagate seeks is relevant to central issues in the case and falls squarely within Federal Rule of Civil Procedure 34(a)(1).

Mr. Dash's standing to bring suit, his allegations of injury and damage, and his suitability as class representative each turn on whether and to what extent Mr. Dash was capable of using the Rugged Thunderbolt drive in the first place. For example, if Mr. Dash's computer does not have a working Thunderbolt port, then he could not use the Thunderbolt interface and he has suffered no injury due to alleged omissions about its speed. Similarly, Mr. Dash's claims and suitability as class representative depend on whether he could actually use the comparator products (i.e., external drives with the USB 3.0 interface) upon which the Complaint (¶¶ 65, 80) bases its price inflation theory of injury and damages. If Mr. Dash's computer does not have a working USB 3.0 port, his price inflation theory fails because the products he has identified are not in fact viable comparators. Defendant is therefore entitled to all reasonably discoverable evidence regarding the number and type of ports on each computer and other device to which Mr. Dash intends or intended to connect his Rugged Thunderbolt drive.

Under Rule 34 of the Federal Rules of Civil Procedure, a party may request that another party "produce and permit the party … to inspect, copy, test, or sample … any … electronically stored information …. or any designated tangible things." Fed. R. Civ. P. 34(a)(1). Plaintiff's external drive and his "laptop" and "HD video camera" expressly referenced in the Complaint (¶¶ 10-14) are clearly tangible things that may be inspected and tested under Rule 34. Because the Complaint alleges that the drive's rate of transferring data from "his laptop" and "HD video camera" is the basis for his claims (*see id.*), Rule 34 requires that Defendant be permitted to inspect and test Plaintiff's external hard drive and the computer(s) and other devices with which he intended to use the drive. *See*, *e.g.*, *Fullone v. Goodyear Tire & Rubber Co.*, 107 F.R.D. 1, 2 (W.D.N.Y. 1985) (ordering that the defendant be allowed to inspect and test a tire rim that formed the basis for the case); *Coles v. Nyko Techs., Inc.*, 247 F.R.D. 589, 592 (C.D. Cal. 2007) (recognizing in a putative consumer class action that "there is no dispute . . . whether plaintiff's



July 15, 2014
Page 3

Intercooler 360 and Xbox 360 are tangible things that may be inspected and tested," and that the only issue was during which phase of discovery testing was appropriate).

The court should reject Plaintiff's counsel's claim that because he has provided Seagate with evidence that Plaintiff purchased the external hard drive in question, any inspection of the drive or equipment invoked in the Complaint is unnecessary. (Ex. E at 2.) As a threshold matter, Plaintiff has produced precisely *one* document in this case, and that Apple Store receipt merely shows the price Plaintiff paid and the merchant's inventory number for the drive. (Ex. G.) It does not even disclose the serial number of the particular drive Plaintiff apparently once possessed. (*Id.*; Ex. E at 1.) Moreover, Plaintiff has not offered any evidence that, *inter alia*:

- he retains the drive (as opposed to returning it for a refund), which is central to standing;

- his "laptop," camera or other peripheral devices have Thunderbolt ports (and working ports) that allow use of the drive via the Thunderbolt interface about which he complains;

- Plaintiff's "laptop" or other devices have working USB ports, notwithstanding plaintiff's injury and damages theory are predicated on the theory that he would have bought and used a substitute external hard drive that has the USB 3.0 interface alone; and

- the drive Plaintiff purchased was not in fact "the fastest possible external hard drive" (Compl. ¶ 13) Plaintiff's laptop and configurations would have supported at a price less than or equal to what Plaintiff paid.

All of these considerations support inspection here. *See Fullone*, 107 F.R.D. at 2; *Piccone v. Town of Webster*, 2010 WL 3516581 at *8 (W.D.N.Y. Sept. 3, 2010) (courts allow the inspection and imaging of computers when the "'relationship between the [requesting party's] claims and the [responding party's] computers'" warrants, including "where the use of the computer . . . forms the basis of the plaintiff's claims"); *see also* Ex. E at 1 (Seagate is entitled to examine the veracity of Mr. Dash's allegations that he intended to use the Rugged Thunderbolt Hard Drive with his laptop by, for example, determining whether the device has Thunderbolt ports).

Finally, Seagate is entitled to conduct a reasonable forensic examination of each computer to which Mr. Dash intended to connect his Rugged Thunderbolt drive. Doing so would permit Seagate to confirm that any Thunderbolt and/or USB ports are functional, and to assess the speeds at which they are capable of transferring data. This information is relevant for the reasons stated above. Additionally, such a forensic examination is relevant and warranted because, *inter alia*, Plaintiff has refused to produce any materials—except the aforementioned receipt—that *he* "saw, heard, read, contributed to, or w[as] otherwise exposed to" regarding "external hard drives," "the LaCie Rugged Thunderbolt drive" and "the Thunderbolt interface," including "internet history files" and "computer folders." (Ex. B at 4-5.); *see Piccone*, *supra*, at *3. Plaintiff has objected to such productions and examinations, claiming that he is concerned about allegedly HIPPA-protected business data on his computer (notwithstanding that he brought this suit as a *consumer*). To that end, Seagate is willing to work with Plaintiff to conduct the forensic examination in the least obtrusive manner and under the observation of Plaintiff.



July 15, 2014
Page 4

        Respectfully submitted,

        /s/ Eamon P. Joyce

        Eamon P. Joyce

Enclosures (Exhibits A-G)