```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MATT DASH, Individually and on Behalf of
All Others Similarly Situated,

                        Plaintiff,

        -against-

SEAGATE TECHNOLOGY (US) HOLDINGS,
INC.,

                        Defendant.
----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   APR 0 1 2015   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 13-6329

(Wexler, J.)

APPEARANCES:

        LAW OFFICE OF PAUL C. WHALEN, P.C.
        BY:   Paul C. Whalen, Esq.
        Attorney for Plaintiff
        768 Plandome Road
        Manhasset, New York 11030

        SIDLEY AUSTIN LLP
        BY:   Eamon P. Joyce, Esq.
                 Elizabeth A. Espinosa, Esq.
                 T. Robert Scarborough, Esq.
                 Elizabeth M. Chiarello, Esq.
        Attorneys for Defendant
        787 Seventh Avenue
        New York, New York 10019

WEXLER, District Judge:

        Before the Court is Defendant's second motion to dismiss Plaintiff's putative consumer class action, pursuant to Federal Rule of Civil Procedure 12(b)(6). By Memorandum and Order dated June 30, 2014, the Court granted in part and denied in part Defendant's first motion to

dismiss and afforded Plaintiff leave to replead the dismissed fraud claim. On July 30, 2014, Plaintiff filed his Amended Complaint. Defendant now moves to dismiss the repleaded fraud claim. For the following reasons, Defendant's motion is granted.

## BACKGROUND

Familiarity with the underlying facts of this action is presumed and will only be repeated briefly here. Plaintiff, Matt Dash, is an amateur photographer who takes very high definition photographs, resulting in large computer files. (Am. Compl. ¶ 22.) LaCie S.A. ("LaCie") is a manufacturer of computer hard drives and other devices used to transfer and store electronic data. (Am. Compl. ¶ 36.) Defendant Seagate Technology (US) Holdings, Inc. ("Seagate") is a United States corporation, incorporated in Delaware and based in California, that manufactures and markets computer disk drives.[1] (Am. Compl. ¶ 31.) La Cie is a wholly owned subsidiary of Seagate. (Am. Compl. ¶ 37.)

On August 2, 2013, Plaintiff purchased a LaCie "Rugged Thunderbolt Series" 1 TB Orange External Hard Drive with a Thunderbolt Interface (the "LaCie Rugged Thunderbolt Drive" or the "Drive"). (Am. Compl. ¶ 19.) Plaintiff paid approximately $200 for the LaCie Rugged Thunderbolt Drive, intending to use it to store large files for his laptop computer, including movie and music files, which can be several gigabytes in size. (Am. Compl. ¶¶ 20, 23.) Speed in the transfer of data was the crucial feature in Plaintiff's decision to purchase the LaCie Rugged Thunderbolt Drive. (Am. Compl. ¶ 26.) In purchasing the Drive, Plaintiff

---

[1] Seagate is a wholly owned subsidiary of Seagate Technology Public Limited Company, which is incorporated in Ireland. (Am. Compl. ¶ 33.)

believed that as a result of the Defendant's packaging claims regarding the Thunderbolt interface, he was purchasing the fastest possible external hard drive. (Am. Compl. ¶ 27.)

Despite all of the technological jargon in Plaintiff's Complaint, the crux of this action is that Plaintiff, on behalf of himself and a putative class of consumers who also purchased the LaCie Rugged Thunderbolt Drive, alleges that the Drive did not transfer data at the rate claimed by Defendant and that Defendant engaged in deceptive conduct in the marketing, advertising and sale of the Drive in order to induce consumers to purchase its product. Plaintiff's Amedned Complaint asserts the following claims: (1) violation of Sections 349 and 350 of the New York General Business Law; and (2) common law fraud.

## DISCUSSION

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79

(citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II.  Common Law Fraud

To state a claim for common law fraud under New York law, a plaintiff must allege facts showing: "(1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury." Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir. 2009) (citations omitted).

In addition, pursuant to Federal Rule of Civil Procedure 9(b), fraud claims must be pled with particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") As the Second Circuit has repeatedly held, Rule 9(b) "requires the plaintiff to '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 197 (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)) (additional citations omitted). "Conclusory statements and

-4-

allegations are not enough to meet the Rule 9(b) pleading requirements." Beth Israel Med. Ctr. v. Verizon Bus. Network Servs., No. 11 Civ. 4509, 2013 WL 1385210, at *4 (S.D.N.Y. Mar. 18, 2013) (quoting Musalli Factory for Gold & Jewelry Co. v. JP Morgan Chase Bank, N.A., 382 F. App'x 107, 108 (2d Cir. 2010)).

The plaintiff must also "allege facts that give rise to a strong inference of fraudulent intent." Nakahata, 723 F.3d at 198 (quoting First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 179 (2d Cir. 2004)). "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (citing cases).

While Plaintiff's repleaded fraud claim meets the specificity requirement of Rule 9(b), it fails to allege facts that give rise to a strong inference of fraudulent intent. According to Plaintiff's Amended Complaint, Defendant falsely represented the speed of its Drive on the packaging for three reasons: (1) to gain market share; (2) to enable it to charge a higher price for its Drive compared to a similar hard drive without the Thunderbolt interface; and (3) to sell more products in the Apple Store. (Am. Compl. ¶¶ 174-206.) However, a "generalized motive to satisfy consumers' desires, [or to] increase sales and profits, 'does not support a strong inference of fraudulent intent.'" In re Frito-Lay N. Am., Inc. All Natural Litig., No. 12-MD-2413, 2013 WL 4647512, at *25 (E.D.N.Y. Aug. 29, 2013) (quoting Chill v. General Elec. Co., 101 F.3d 263, 268 (2d Cir. 1996)). Similarly insufficient are "allegations of a company's motive that would 'pertain to virtually any company that manufactures and distributes goods,'" such as the

desire to outsell a competitor or increase profits. Frito-Lay, 2013 WL 4647512, at *25 (quoting Chill, 101 F.3d at 268); see also Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co., 478 Fed. App'x 679, 681 (2d Cir. 2004) (finding that allegations setting forth merely "a general profit motive common to all corporations" does not suffice to allege fraudulent intent). As the Second Circuit has held, "[i]n looking for a sufficient allegation of motive, [the Court] assume[s] that the defendant is acting in his or her informed economic self-interest." Shields, 25 F.3d at 1130 (citing Atlantic Gypsum Co. v. Lloyds Int'l Corp., 753 F. Supp. 505, 514 (S.D.N.Y. 1990)). This is precisely the motive ascribed to Defendant in Plaintiff's Complaint. As such, it fails to sufficiently allege the requisite fraudulent intent necessary to sustain a fraud claim.

Moreover, Plaintiff details in his Amended Complaint a number of ways in which Defendant publicly disclosed the actual speed of its Drive, which allegedly differs from the speed advertised on the product packaging. According to Plaintiff's Amended Complaint, Defendant's press releases and its website contain accurate information with respect to the speed of its Drive, while the product packaging falsely exaggerates such information. (Am. Compl. ¶¶ 148-72.) Such public disclosure seems to fly in the face of any purported fraud claim. If, as alleged by Plaintiff, the Defendant candidly disclosed the very information Plaintiff claims to be misrepresented, the Court fails to see how there could be any fraud committed.

As the Court previously found, the facts alleged in this action are sufficient to state a claim for deceptive practices under Section 349 of the New York General Business Law. "A practice may carry the capacity to mislead or deceive a reasonable person but not be fraudulent." Gaidon v. Guardian Life Ins. Co. of Am., 94 N.Y.2d 330, 348 (1999). This distinction is what separates fraud claims from Section 349 claims in that "not every misrepresentation or omission

rises to the level of fraud." Id. at 348, 350. That is precisely the case here.

Accordingly, Plaintiff's repleaded fraud claim is again dismissed, this time with prejudice. Leave to replead a second time is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's fraud claim as alleged in the Amended Complaint is granted and the fraud claim is dismissed with prejudice.

**SO ORDERED:**

Dated: Central Islip, New York
April 1, 2015

s/ Leonard D. Wexler

LEONARD D. WEXLER
United States District Judge